09-3844-ag
Qiu v. Holder

BIA
Balasquide, IJ
A098 593 567

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18ᵗʰ day of August, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> JON O. NEWMAN,
> DENNY CHIN,
> > *Circuit Judges.*

_____

BI YING QIU,
> *Petitioner,*

v.                                                    09-3844-ag
                                                      NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Thomas V. Massucci, New York, N.Y.

FOR RESPONDENT:      Tony West, Assistant Attorney General;
                     Shelley R. Goad, Assistant Director;
                     Kristen Giuffreda Chapman, Trial
                     Attorney, Office of Immigration
                     Litigation, Civil Division, United
                     States Department of Justice,
                     Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is REMANDED.

Petitioner Bi Ying Qiu, a native and citizen of the People's Republic of China, seeks review of a August 17, 2009, order of the BIA, affirming the September 13, 2007, decision of Immigration Judge ("IJ") Javier E. Balasquide, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bi Ying Qiu*, No. A098 593 567 (B.I.A. Aug. 17, 2009), *aff'g* No. A098 593 567 (Immig. Ct. N.Y. City Sept. 13, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Because the BIA stated, "We adopt and affirm the decision of the Immigration Judge," we review the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir. 2007). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The IJ made an adverse credibility determination.[1] In support of that determination, the IJ relied primarily on discrepancies as to the year in which three events occurred: the government's banning of the Falun Gong, Qui's becoming involved with the Falun Gong, and Qui's first persecution for his Falun Gong activity. Qui testified that these three events occurred in 1997, but also testified that all three occurred in 1999. At times he answered 1999 and immediately corrected himself to say 1997. However, at all times Qui linked the year of these events to the time when he was 17 years old. Since He testified that he was born in 1982, he was 17 in 1999, and obviously intended to place the three events in the year 1999. As he stated when pressed about the discrepancies as to years, "I only remember that I was 17 years old at that time, that's what I remember the most, that I was 17. . . . In terms of which year, I don't remember." When pressed on cross-examination, "You don't remember what year you were 17 years old?" he answered, "I didn't do the calculation."

---

[1]Because Qiu filed her asylum application before May 11, 2005, the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005 do not apply to her asylum application. See Pub. L. No. 109-13, § 101(h)(2), 119 Stat. 231, 305 (2005).

Incredibly, Qui's lawyer conducted no redirect examination, which could have readily made the record even clearer that Qui at all times meant to place the key events in the year 1999, 17 years after the year of his birth.

Although an IJ is entitled to discredit an applicant's testimony based on material discrepancies, an IJ is obliged to consider an applicant's explanation. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 403 (2d Cir. 2005). In this case, the IJ failed to do so. Instead, he simply recounted the three events that Qui placed in both 1997 and 1999 and did not reckon with her explanation that she was sure that all three events occurred in the year when she was 17, *i.e.*, 1999. This flaw in the IJ's reasoning requires a remand for reconsideration.

For the foregoing reasons, the petition for review is GRANTED, and the case is REMANDED for further consideration.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk